J ones, J.
 

 The plaintiff in error will be alluded to as the coal company. The defendant in error, Herbert Bartelheim, was the father of Betty, a child of eight years of age. The father was appointed administrator, and brought this action against the coal company for wrongfully causing the death of Betty. He secured a judgment in the court of common pleas, which was affirmed by the Court of Appeals. The coal company thereupon prosecuted error to this court.
 

 The evidence is very brief. Sackett avenue, a street running east and west in the city of Cleveland, is about thirty feet in width from curb to curb. On the south side of Sackett avenue is a cement sidewalk about six feet in width; between the sidewalk and the south curb of Sackett avenue is four feet; thus making a distance of about ten feet from the southerly curb of Sackett avenue to the south lot line. The Eilert Beverage Company has a building erected on the south line, flush with the sidewalk. Upon the day of the injury causing the child’s death, the' Eilert Company had ordered a load of coal from the coal company. The latter delivered five tons of coal in a truck which was in charge of one of its servants. The truck was from sixteen to seventeen feet in length. The servant, in delivering the coal to the Eilert plant, backed his truck completely over the curb and sidewalk to a point nearly flush with the
 
 *376
 
 building; it blocked tbe entire sidewalk from building to curb, and was projected about seven feet beyond tbe south curb into the traveled portion of the street. The time was broad daylight. The child was proceeding along the sidewalk in a westerly direction with the evident intention of pursuing her course after passing around the truck blocking the sidewalk.
 

 It is claimed that it was not proven that the child intended to go around the obstructing truck for the purpose of resuming her westerly course; and, if such was the case, the blocked sidewalk could not be deemed to have been the proximate cause of the accident. But from her general westerly direction of travel, from her appearance near the rear end of the truck Where she was struck, could there not be a natural and reasonable inference that her purpose was to pursue her westerly course with safety had the sidewalk not been obstructed? But one eyewitness described the child’s course of procedure upon this occasion. He drew a diagram, and testified to the child’s continuation of her walk westerly by means of an arrow mark indicated on the diagram. The jury could reasonably infer from his testimony that the child’s intention was to round the truck and resume her journey. This feature of the case was submitted to the jury by the court charging as follows:
 

 “It is for the jury to determine under all the circumstances of the case and the inferences that you may draw from the evidence that was then presented, whether as claimed in the petition Betty Bartelheim was compelled in going upon her way, she being lawfully on the street, whether she was
 
 *377
 
 compelled to go into the street to pass around the truck.”
 

 While the servant was engaged in unloading the coal, one Schatmeyer, driving eastwardly on Sackett avenue at a rate of speed which an eyewitness testified to be about twenty miles an hour, struck the child as it passed some three feet or more beyond the truck, and caused her death. In the meantime the servant of the defendant, whose truck blocked the sidewalk, had been for some fifteen minutes engaged in unloading his coal. He testified that at the time of the accident he was unloading the coal, and that he “was in a bit of a hurry.” He further testified that “a good deal of traffic goes up and down Sackett avenue.” The first thing that attracted his attention was hearing “some one holler,” and, looking up, he saw the Ford car driven by Schatmeyer collide with the child.
 

 It is apparent that it would be difficult for the coal company to charge this child of eight years of age with contributory negligence under the circumstances proven; nor did the coal company plead contributory negligence. The chief issue in the case was that concerning the negligence of the coal company, and it was so indicated in the statement to the jury of counsel for the coal company.
 

 The petition charged the defendant, through its servant, with completely blocking the sidewalk of the street, necessitating pedestrians to walk in the traveled portion of the highway, and that the coal company, after thus blocking the sidewalk, was negligent in failing to station a lookout for the purpose of warning and protecting pedestrians against on-coming vehicular traffic.
 

 
 *378
 
 The court in its general charge said to the jury: “Now, the duty of the driver of the truck, and the position in which he placed it, was to exercise the ordinary and reasonable care that an ordinary, reasonable and prudent man placed under the same or similar circumstances would have exercised to avoid endangering the safety of others by the course that he was pursuing.”
 

 And again said in its charge: “Would you, as ordinarily reasonable, prudent men and women, had you been placed under the same circumstances as was this driver, have though it necessary to place a signal or a watchman or a guard of some kind to occupy a position on this truck to notify this child or other persons passing around of the danger in going through this street, or of the approach of automobiles or other vehicles that might have been coming? If ordinary care and prudence would not have suggested this under the circumstances, then there is no negligence in this case on the part of the defendant.”
 

 This issue, relating to the question whether ordinary care was exercised by the servant of the defendant, was also submitted to the jury in a written instruction asked by the defendant and given' before argument, as follows: “If you find from all of the evidence in this case, that the death of plaintiff’s decedent Was not the proximate result of the natural and probable consequence of the negligence alleged against the defendant, the Denison Coal & Supply Company; that is such consequence as under the surrounding circumstances as disclosed by all of the evidence in this case, might or should have been foreseen or anticipated by the defendant, the Denison
 
 *379
 
 Coal
 
 &
 
 Supply Company, as likely to follow their alleged negligence, then in said event I charge you as a matter of law, that your verdict should be for the defendant, the Denison Coal
 
 &
 
 Supply Company.”
 

 The court charged that it was not negligence
 
 per se
 
 to obstruct the sidewalk for the purpose of unloading coal. The situation was peculiar. The coal company had blocked the entire sidewalk as well as a portion of the street extending north of the curb; naturally the height of the truck and its load would have prevented a child of eight years from discerning the approach of eastward traffic. The servant testified that a good deal of traffic went up and down Sackett avenue, and yet, knowing the circumstances and possibility of danger, he does not testify to the use of any care in observing whether children were approaching along the sidewalk in his direction; nor did he see the child except at the instant when the eastwardly driven automobile collided with her and caused her death.
 

 It was the province of the jury to determine, under the circumstances disclosed by the evidence, whether the servant of the defendant exercised ordinary care; whether ordinarily prudent persons under similar circumstances would reasonably have foreseen or anticipated the consequences that resulted on this occasion.
 

 On the question of damages the court also gave a special request of the defendant asked before argument, “that the measure of damages is only the reasonable expectancy of what the next of kin of the decedent might have received from the decedent, and not the amount it is reasonably certain they would
 
 *380
 
 have received;” and that the amount of recovery was limited to pecuniary loss sustained by the next of tin, and that nothing could be allowed for mental suffering, bereavement, or solace on account of the death, nor by way of punitive or punishment damages.
 

 We find no error in the record prejudicial to the defendant below. On the issues of fact, the verdict of the jury was in favor of the plaintiff. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Robinson, Matthias, Day and Allen, JJ., concur.
 

 Kinkade, J., dissents.