SHEVETZ, ADMR., APPELLEE, *v.* CITY OF CAMPBELL ET AL., APPELLANTS.

(No. 2679—Decided December 13, 1940.)

*Mr. Herbert L. Kerr,* for appellee.
*Mr. Theodore T. Macejko, Mr. Joseph E. Julius* and *Mr. David C. Haynes,* for appellants.

Sherick, P. J. Inasmuch as we are of the opinion that this cause is determinable upon one proposition, we shall recite only so much of the history of this case as is necessary for an understanding thereof.

On a mild Christmas night two young men, the deceased and a witness, Koresko, were walking from Campbell, Ohio, to Struthers, Ohio. The corporation line of these two cities is one and the same. The cities are joined by an improved street which is curbed and bricked. In one city the street is thirty feet in width, in the other it is thirty-four feet from curb to curb. The land of both cities drains towards the corporation line, and is low at this point. It is denominated as a dip, on the north side of which water was standing on the night in question. This water formed a pool from twenty-five to thirty feet in length, three to four inches in depth, elliptical in shade, and eight to ten feet broad at its central point. One half of the pool was in each city. These young men knew it was there for it was a usual occurrence when it rained. It had no drain and the water just gradually disappeared. There were only a few structures in this section of the cities and there were no sidewalks along the street at the low portion.

These young men were walking east in the street as they approached the dip. The witness was about one foot from the curb, the deceased three to four feet. They were walking on the left-hand side, facing approaching traffic. When they reached the pool they proceeded to angle southerly and had reached a point where the witness was four to six feet, and the deceased eight to nine feet, from the curb, when a poorly lighted car coming from the west on the wrong side of the street struck them from the rear. It is evidenced that the boys were "struck in Campbell and knocked into Struthers." This car was traveling from fifty to sixty miles per hour. It did not stop and its occu-

pants are unknown. At the time the boys were struck the car hit the water, from which it must follow that the car's left wheels must have traveled within three to four feet of the north curb. As a result of his injury so received the decedent died.

The plaintiff, administrator, brings this action for damages, under favor of Section 3714, General Code, upon the theory that this pool was a nuisance growing out of the joint negligence of the two cities, and that this pool in the street was the proximate cause or one of the proximate causes which directly contributed to deceased's injury and death. The trial court accepted the view that such might be found to be true and the cause was so tried. It resulted in a verdict for plaintiff for $700. The trial court thereupon sustained plaintiff's motion for a new trial because of insufficiency in the amount of damages awarded. Both cities had throughout trial moved for directed verdicts. They likewise moved for judgment *non obstante veredicto*. It is principally from the rulings on these motions that this appeal is prosecuted.

The cities urge upon this court that even if the accumulation of water along the north side of the street was a nuisance created by their joint negligence in failing to keep the street free thereof, the evidence clearly discloses that it was at best a remote cause of the collision and not a direct and proximate contributing cause of the accident.

It is probable that the case of *Denison Coal & Supply Co.* v. *Bartelheim,* 122 Ohio St., 374, 171 N. E., 835, was followed throughout trial. Its facts disclose that a coal company's truck had been backed up over a curb and sidewalk in order to unload. The truck projected some seven feet beyond the curb into the street. It blocked the sidewalk, so that a little child walking west had to enter the street and go around the front of the coal truck, which blocked her view. The child

was hit as she rounded the truck by a car proceeding on the proper side of the street. The coal company had staged the scene. It wrongfully created the situation which made the injury possible. Surely it was responsible for its wrongful act. But the city was not sued. It is not intimated that the motorist was at fault. We do not think the law of that case is applicable to the facts of the case at issue.

Appellee also commends and directs our attention to 22 Ruling Case Law, 198, Section 81. We quote an excerpt:

"The general rule, which is upheld by a majority of the cases, is that when two causes combine to injure a traveler on a highway, both of which are in their nature proximate—the one being a culpable defect in the highway and the other some occurrence for which neither is responsible—the municipality is liable *provided that the injury would not have been sustained but for such defect.* And this is the rule, although the accident was the primary cause of the injury, if the consequences could, with common prudence and sagacity, have been foreseen and provided against by the municipality." (Italics ours.)

We have no quarrel with this statement of law. But we do propose to analyze it. If we elide from the statement that part thereof which we have italicized, it will successfully meet all requirements in certain cases, as for example a pile of debris in the street, or a snow bank, or a hole which a motorist strikes and which causes him to injure another. Looking at the facts in this controversy it cannot be said that this pool of water caused this speeding, hit-skip automobilist to drive on the wrong side of the street and hit these men. The water did not deflect the car into the men. The men and the water were hit at the same time. They would have been hit even if the water had not been

there. But it is argued that if there had been no water the decedent would not have been struck. This we seriously doubt. Had these men continued the course they were pursuing before they reached the pool, the witness would have been walking one foot from the curb and the deceased two to three feet from the witness, which would have placed the deceased some four to five feet from the curb. The witness was that far distant when the accident happened and the witness was hit and furthermore the car also ran through the water between the witness and the curb.

Could the municipalities have foreseen that such might happen? We think not, unless they are held to know that motorists will disobey any number of the rules of the road. This motorist was speeding, driving without proper lights, on the wrong side of the road. We believe it is sounder to assume that a municipality has a right to assume that the laws of the road will be obeyed.

Now let us rewrite the italicized proviso as follows: The municipalities are liable provided the deceased would not have been struck except for the pool of water. It seems perfectly clear that there must be a culpable defect in the street which set in motion the force that ultimately caused the injury. We believe we have hereinbefore successfully demonstrated that the water was not such a defect.

We are directed to the cross-examination of one Tabak, a witness, in support of the claimed fact that the hit-skip motorist was passing to the left of another vehicle traveling in the same direction at the point of impact. It is suggested that the cities must have foreseen this possibility, *i. e.,* that a passing car would cross over to the left side of the street. The witness Koresko does not mention the presence of a second car. Neither he nor the deceased saw the lights of any

vehicle. When the testimony of Tabak is examined it appears that examining counsel, if any one, was so testifying, but not Tabak. Even if a second car was present and the hit-skip motorist was rightfully on the left side of the road in passing, such fact can not change the picture for the simple reason that the pool of water could not and did not cause decedent's injury and death.

We recognize that the question of proximate cause is usually one of fact for the jury, but such is not true when the facts proven speak to the contrary so that reasonable minds can come to but one conclusion.

It is our judgment that the proximate cause of the collision was the wrongful act or acts of the hit-skip driver, and that the pool of water, if a cause at all, was a remote cause which did not directly contribute to the injury. It therefore follows that the judgment of the trial court in overruling defendants' motions for judgment notwithstanding the verdict should have been sustained, and this court proceeding to enter the judgments which the trial court should have entered, does enter final judgment in defendants' favor.

*Judgment reversed.*

LEMERT and MONTGOMERY, JJ., concur.

SHERICK, P. J., LEMERT and MONTGOMERY, JJ., of the Fifth Appellate District, sitting by designation in the Seventh Appellate District.